996 F.2d 1219
 4 NDLR P 162
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Rick FINGER, individually and on behalf of all persons
similarly situated, Plaintiff-Appellant,
v.
UNIVERSITY OF WISCONSIN SYSTEM BOARD OF REGENTS, The
University of Wisconsin-Milwaukee, Frank Horton, Chancellor,
University of Wisconsin-Milwaukee, Katharine Lyall,
Executive Vice President of the University of Wisconsin
System, et al., Defendants-Appellees.
 No. 92-1779.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 8, 1993.
Decided June 18, 1993.
 
 1
 Before FLAUM and MANION, Circuit Judges, and ROBERT L. MILLER, Jr., District Judge.*
 
 ORDER
 
 2
 Rick Finger suffered from severe dyslexia when he enrolled at the University of Wisconsin-Madison (UWM) in the fall semester of 1980. Finger therefore sought help from Disabled Student Services (DSS), a university department whose purpose is to provide assistance to handicapped students. Finger needed to have his course books taped or to be provided with readers so that he could complete reading assignments for his classes. During his second semester at UWM, he began experiencing delays in the provision of recorded tapes, which he claims caused him to fall behind in his studies. Finger withdrew from UWM in December 1983, citing these delays as the reason, but reenrolled for the fall semester of the 1984-85 school year. Finger complains that the tapes were once again slow to be recorded, and he was thereby forced to withdraw a second time after the spring semester of that year.
 
 
 3
 Finger sued UWM and several of its officials under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. In particular, Finger claimed that UWM had a duty to provide him with educational "auxiliary aids," which include taped texts, under regulations promulgated by the Department of Education, see 34 C.F.R. § 104.44(d)(2). The district court, applying our decision in Jones v. Illinois Dep't of Rehabilitation Servs., 689 F.2d 724 (7th Cir.1982), agreed that UWM had such a duty during those semesters when Finger was receiving no assistance from the Wisconsin State Division of Vocational Rehabilitation. The district court found, however, that UWM had satisfied that duty. We agree with its decision. The court observed that DSS completed tapings within an average of four to six weeks, although occasionally the delays were longer, after Finger brought the reading materials to DSS. Finger had the option to pick up the tapes in installments, so that he did not need to wait for each book to be recorded in full. Moreover, Finger had other options besides arranging for DSS to tape his materials. Recordings for the Blind and the Milwaukee Public Library taped texts free of charge, and the Golda Meir Library at UWM housed a Kurzweil Reading machine, which Finger was trained to use in the fall semester of 1984. In these ways, UWM made texts available for Finger's use in his courses.
 
 
 4
 Accordingly, the entry of summary judgment for the University of Wisconsin-Madison is AFFIRMED.
 
 
 
 *
 The Honorable Robert L. Miller, Jr., District Judge for the Northern District of Indiana, sitting by designation